Jennie Mae CRAWFORD, Appellant,

v.

Esaw CRAWFORD, Appellee.

No. 3564.

Court of Civil Appeals of Texas.

Waco.

July 10, 1958.

Rehearing Denied July 31, 1958.

Cain, Taylor & Cain, Liberty, Little & Zorn, Baytown, Grady O. Trimble, Jr., Liberty, for appellant.

J. Leonard Gotsdiner, Leonard Z. Finger, Houston, for appellee.

McDONALD, Chief Justice.

This is a divorce case. Parties will be referred to as in the Trial Court. Plaintiff,

Jennie Mae Crawford, sued defendant, Esaw Crawford, for divorce, custody of two children, and division of community property. The case was tried before the court without a jury. Judgment was rendered by the Trial Court granting plaintiff a divorce; awarding plaintiff custody of the two children (with right of visitation by defendant); requiring defendant to contribute $100 per month toward the two children's support; awarding 29 acres of land in Milam County to plaintiff as her separate property; awarding the premises known as the South ½ of Lot 7, Block 12, and the West ½ of Lot 1, Block 14 of Highland Farms, Harris County (which is the home that plaintiff and defendant lived in) to defendant as his separate property; awarding certain furniture to plaintiff; awarding certain furniture and an automobile to defendant; awarding plaintiff and defendant a ½ interest each in certain Humble Oil Company stock purchased by defendant through the Humble Thrift Plan since plaintiff's and defendant's marriage. (Defendant was employed by Humble Oil Company).

Plaintiff appeals from that portion of the judgment awarding the Highland Farms or homeplace property to defendant as his separate property, and contends:

(1) The Trial Court erred in declaring the Highland Farms Subdivision (homeplace) property to be the separate property of defendant.

(2) The Trial Court abused its discretion in not setting aside such property for use of plaintiff and her minor children.

(3) The Trial Court erred in rendering and signing and entering judgment for the reason that at such time he was not a duly qualified District Judge.

Reverting to plaintiff's 1st contention—that the Trial Court erred in awarding the Highland Farms Subdivision property to defendant: The record reflects that this property was acquired by Lillian Weaver, a widow, in 1936, for a consideration paid partly in cash and partly by a purchase money lien in favor of the Home Owners' Loan Corporation. Thereafter Lillian Weaver married defendant herein, Esaw Crawford, and Esaw and Lillian continued to make payments on the lien out of their community funds. In 1938 Lillian died intestate. She was survived by her husband, Esaw Crawford, and by brothers and sisters, the evidence being uncertain as to whether they were of the half or whole blood. After the death of Lillian, Esaw Crawford continued to occupy the property as his homestead and continued to pay the payments on the lien indebtedness. Lillian's collateral kin made no payments on the property and they told Esaw they did not want any part of the property or the debt. Esaw Crawford thereafter claimed complete ownership of the property. On 16 May 1939 defendant Esaw Crawford married plaintiff Jennie Mae Crawford. At the time of their marriage there was approximately $400 lien indebtedness on the property. Shortly after their marriage plaintiff and defendant moved into this property and occupied it as their residence until their separation in 1954. After the death of Lillian, Esaw consulted a lawyer for the purpose of clearing his title to the property of any claims by Lillian's collateral kin. The attorney accepted employment in the matter and in November 1939—(after plaintiff's and defendant's marriage) arranged for the property to be foreclosed by the lienholder under the deed of trust and sold to the attorney, who in turn sold it to Esaw for $400 (the amount which had been against the property, plus a small fee). The $400 was paid from community funds of plaintiff and defendant. (The evidence does not reflect the actual value of the property, but it is a six-room house and must amount to several thousand).

The evidence reflected that during plaintiff's and defendant's marriage relatives of plaintiff deeded to her 29 acres of land in Milam County. As noted, the Trial Court awarded this property to plaintiff as her separate property; awarded certain furniture to plaintiff; certain furniture and an automobile to defendant; and awarded

plaintiff and defendant ½ interest each in Humble Oil Company stocks purchased by defendant since plaintiff's and defendant's marriage.

■ Plaintiff very vigorously contends the Highland Farms Subdivision property to be community property, based on the foregoing facts. With such contention we are unable to agree. It is our view that such facts clearly establish such property to be the separate property of defendant, into which, however, was paid $400 in community funds of plaintiff and defendant. We think that under the facts the Trial Court should have allowed plaintiff a charge for her ½ of the $400 community funds which were paid upon defendant's separate property.

■■ Plaintiff's 2nd contention is that the Trial Court abused its discretion in not setting aside the property for use of plaintiff and her minor children. The Trial Court, in such matters, is clothed with a broad discretion. The Trial Court awarded plaintiff 29 acres of land, furniture, ½ of the Humble stocks, and required defendant to contribute $100 per month toward the support of the two minor children. We cannot say that the Trial Court abused its discretion in not setting aside the property involved for the use of plaintiff and the minor children.

By her 3rd point plaintiff contends that the Trial Court erred in rendering, signing and entering judgment in this case for the reason that at such time the judge was not a qualified District Judge. The record before us reflects that this cause was tried before the court without a jury in early June of 1957, by the Honorable Spurgeon Bell, then Judge of the 125th District Court of Harris County. On 18 June 1957 Judge Bell entered judgment in the cause, noting same on his trial docket sheet. Such docket entry reads: "6–18–57. Divorce granted. Custody, visitation and support as per decree. Household furniture to plaintiff, ½ Humble stock and annuities accumulated since marriage to plaintiff. South ½ Block 12, Highland Farms, separate estate of defendant." Thereafter Judge Bell was appointed Associate Justice of the First Court of Civil Appeals and took the oath of office on 19 June 1957. Thereafter, on *19 August 1957,* Judge Bell signed and entered the formal judgment in this cause nunc pro tunc. Plaintiff contends that Judge Bell had vacated the office of District Judge, assumed the office of Associate Justice of the First Court of Civil Appeals, an office of emolument, and could not validly sign and enter the judgment of 19 August 1957.

■ It is our view that the judgment was entered on 18 June 1957, that same is complete and explicit enough to govern the disposition of this cause, and that since Judge Bell was District Judge on such date, plaintiff's 3rd point should be overruled. Further to the foregoing, however, the powers of a District Judge do not cease in their entirety upon his resignation or the expiration of his term of office. A judge whose term of office has ceased may perform clerical duties such as the making of Findings for the purpose of perfecting an appeal. 30 Am.Jur. p. 735; 25 Tex.Jur. p. 242. We therefore hold that the Trial Judge's judicial function continued and survived after he vacated the office of District Judge, as necessary to lend efficacy, validity and legality to the act of signing the judgment on 19 August 1957. Texas Life Ins. Co. v. Texas Building Co., Tex.Civ. App., 307 S.W.2d 149.

From the foregoing it follows that the judgment of the Trial Court is modified to the extent that plaintiff is awarded a judgment for $200 (½ of the $400 community funds paid upon defendant's separate property) against defendant, to bear interest at 6% from 19 August 1957, and to be secured by an equitable lien on defendant's Highland Farms Subdivision property. Costs of this appeal are taxed against defendant.

The judgment of the Trial Court is modified, and as modified, is affirmed.

HALE, J., took no part in the consideration or disposition of this case.