**Delilah MARTINEZ, Appellant,**

v.

**Estanislado MARTINEZ, Appellee.**

No. 04–88–00283–CV.

Court of Appeals of Texas, San Antonio.

Oct. 26, 1988.

Eugene D. Stewart, Petry & Stewart, Carrizo Springs, for appellant.

Amado Abascal, III, Dist. Atty., Eagle Pass, for appellee.

Before BUTTS, CANTU and CHAPA, JJ.

## OPINION

CHAPA, Justice.

This is an appeal from a final Decree of Divorce granted to appellee, Estanislado Martinez against appellant Delilah Mar-

tinez by a district judge after the judge had been defeated and replaced by his successor.

The issue which disposes of this appeal is whether the defeated district judge had the authority to grant the divorce in question. TEX.R.APP.P. 90(a). We reverse and remand.

Appellant's brief before this court is unchallenged by appellee who failed to file a brief. Thus, this court is permitted to accept any statement of appellant in his brief pertaining to the facts or the record as correct. TEX.R.APP.P. 74(f).

Appellant contends that:

(1) the divorce petition was filed with the 293rd District Court of Dimmit County on April 18, 1986;

(2) evidence was heard on July 17, 1986 by the then duly elected presiding judge of the 293rd District Court, Judge Ben Martinez;

(3) no decision was rendered by Judge Martinez at the end of the proceedings but *he merely took the matter under advisement;*[1]

(4) Judge Martinez was defeated in the 1986 primary elections by Judge Rey Perez, who qualified as the presiding judge of the 293rd District Court on January 1, 1987;

(5) Judge Perez exercised his authority as the presiding judge of the 293rd District Court and granted appellant's Motion for Nonsuit on February 6, 1987;

(6) Judge Perez again exercised his authority by reinstating this cause on March 16, 1987; and

(7) On March 4, 1988, without authority, Judge Martinez decided this cause and signed the divorce decree in question.

District judges are qualified and elected under the authority of Art. 5, § 7 of the Texas Constitution. Art. 5 § 8 sets out the jurisdiction of the district courts.

When a district judge has been duly elected and qualified to a particular district court, he becomes the presiding judge of that district court for all purposes for the remainder of his term of office, unless he should die, resign, or become disabled. The law provides appropriate procedures, not pertinent here, for the Governor to appoint a successor in the event any of these circumstances should occur. If a successor is duly elected or properly appointed, upon qualifying, the successor assumes the authority of his predecessor in all matters pending before that court. TEX.R.CIV.P. 18.

■ However, a district judge who has been properly replaced by a successor has the authority to sign a written judgment after he has been replaced, provided he heard the cause and entered his judgment in the docket sheet of the cause before the expiration of his term. *Crawford v. Crawford,* 315 S.W.2d 190, 192 (Tex.Civ.App.—Waco, 1958, no writ); *Texas Life Ins. Co. v. Texas Building Co.,* 307 S.W.2d 149, 154 (Tex.Civ.App.—Fort Worth, 1957, no writ).

■ Nothing in this record indicates Judge Martinez entered judgment in the docket sheet of this cause, or was assigned by any authority to preside over the 293rd District Court of Dimmit County at any time after his term expired, or that Judge Perez had died, resigned, or was disabled on March 4, 1988.

Considering the record and appellant's uncontroverted statements in his brief, we hold that on March 4, 1988, Judge Perez was the only authorized presiding judge of the 293rd District Court of Dimmit County and the divorce decree signed on that date by Judge Martinez was without proper authority.

The judgment is reversed and set aside, and the cause is remanded for a new trial consistent with this opinion.

---

1. The statement of facts reflects the trial judge stated at the close of the evidence that, "I need to go over some of these things or some of this evidence ... I'm going to have to think about the best interest of the children so far as both parents are concerned ... you will be hearing later from me on my decision."