ACCEPTED
04-15-00127-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
6/23/2015 11:57:39 AM
KEITH HOTTLE
CLERK

**No. 04-15-00127CV**

**IN THE COURT OF APPEALS**

**FOR THE 4TH JUDICIAL DISTRICT OF TEXAS**

**AT SAN ANTONIO**

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
06/23/2015 11:57:39 AM
KEITH E. HOTTLE
Clerk

---

**EL CABALLERO RANCH, INC.**
**AND LAREDO MARINE, L.L.C.,** *Appellants*

**V.**

**GRACE RIVER RANCH, LLC,** *Appellee*

---

**Appealed from**
**the 218th District Court of**
**La Salle County, Texas**

---

**FIRST AMENDED MOTION TO DISMISS APPEAL**
**FOR WANT OF JURISDICTION**

---

MOORMAN TATE HALEY
UPCHURCH & YATES, LLP

By:    STEVEN C. HALEY
       State Bar No. 08741900
       207 East Main
       P.O. Box 1808
       Brenham, Texas 77834-1808
       Telephone: (979) 836-5664
       Telecopier: (979) 830-0913
       shaley@moormantate.com

{18705.43065-00389679.DOCX}

MONTEZ & PATTERSON

John H. Patterson, Jr.
State Bar No. 24027716
Thornton Plaza
508 Thorton, Suite 4
Cotulla, Texas 78014
Telephone: (830) 483-5191
Telecopier: (830) 483-5192
john@montezandpatterson.com

JOE RUBIO LAW FIRM

JOE RUBIO
State Bar No. 17362100
1000 Washington St., Ste. 4
Laredo, Texas 78040
Telephone: (956) 712-2223
Telecopier: (956) 712-2225
joerubio@joerubiolawfirm.com

Attorneys for Appellee,

*Grace River Ranch, LLC*

{18705.43065-00389679.DOCX}

# TABLE OF CONTENTS

REFERENCES TO PARTIES..................................................................................2

REFERENCES TO RECORD................................................................................2

STATEMENT OF THE CASE..............................................................................2

STATEMENT OF FACTS....................................................................................3

    1.   Grace River Ranch....................................................................................3

    2.   El Caballero Ranch...................................................................................3

    3.   7 C's Ranch...............................................................................................3

    4.   Common Source of Title of Grace River Ranch, El Caballero Ranch, and 7 C's Ranch ....................................................................................3

    5.   Northerly Grace River Easement..........................................................6

    6.   Easterly Access Easement......................................................................6

    7.   Grace River Easements..........................................................................7

    8.   Grace River Ranch the Successor Dominant Estate Owner of the Grace River Easements ........................................................................8

    9.   El Caballero and Laredo Marine are the Successor Servient Owners Under the Grace River Easements...........................................8

    10.  Additional Private and Public Easements Along the Route of the Northerly Grace River Easement..........................................................9

    11.  Use of the Northerly Grace River Easement.......................................10

    12.  Use of Easterly Grace River Easement................................................12

    13.  Grace River Buys Grace River Ranch..................................................13

    14.  Permitting................................................................................................13

    15.  Grace River Notifies El Caballero That Grace River is the Current Owner of the Northerly Grace River Easement..................................14

    16.  Grace River Requests Keys and Access to the Northerly Grace River Easement.......................................................................................14

    17.  El Caballero Refuses Access Along the Northerly Grace River Easement.......................................................................................14

{18705.43065-00389679.DOCX}

18. El Caballero Falsely and Unilaterally Attempted to Terminate the Northerly Grace River Easement, the Berry Easement, and the La Salle County Easement ..........................................................................14

19. The Original Basis for El Caballero's Excluding Grace River from the Northerly Grace River Easement are Failure of Purpose, Abandonment, and Impossibility ....................................................15

20. Traditional and No-Evidence Motion for Summary Judgment Filed by Grace River ...............................................................................15

21. El Caballero Files its First Amended Answer ....................................15

22. Intervention by Laredo Marine ..........................................................16

23. Grace River's Traditional and No-Evidence Motion for Summary Judgment Heard and Submitted ........................................................16

24. Court Issues Letter Ruling .................................................................16

25. Order Entered .....................................................................................16

26. Amended Order Entered .....................................................................17

27. Second Traditional and No-Evidence Motion for Summary Judgment by Grace River .................................................................................17

28. Second Traditional and No-Evidence Motion for Summary Judgment Granted ...........................................................................................18

29. Judge Saxon Retires ...........................................................................18

30. Judge Saxon Assigned to Stay With This Case ..................................18

31. Objection to Assignment of Judge Saxon ...........................................18

32. Motion for Entry of Partial Summary Judgment ..............................18

33. Partial Summary Judgment ...............................................................18

34. Interlocutory Appeal ..........................................................................20

ARGUMENTS AND AUTHORITIES............................................................20

1. Partial Summary Judgment Includes an Interlocutory Permanent Injunction .......................................................................................20

2. Judge Saxon Had Authority to Enter Partial Summary Judgment ....23

3. Injunctive Relief Not "New Relief" ...................................................25

4. Judge Saxon Had No Further Participation in this Suit After Entry of the Rendered Partial Summary Judgment............................................26

5. Second Mandamus Proceeding ...........................................................27

iv

**PRAYER** .............................................................................................................**27**

{18705.43065-00389679.DOCX}

# TABLE OF AUTHORITIES

*Cases*

*Aimco Prop., L.P. v. Time Warner Entertainment – Advanced/Newhouse Partnership*, 1997 WL 590675 (Tex. App. – Austin 1997) ............................................................ **25**

*Aloe Vera of America, Inc. v. CIC Cosmetics Int'l Corp.*, 517 S.W.2d 433 (Tex. Civ. App. – Dallas 1974, no writ) ......................... **21, 23**

*Brelsford v. Old Bridge Lake Community Serv. Corp.*, 784 S.W.2d 700 (Tex. App. – Houston [14th Dist.] 1989, no writ) ......................... **21, 23**

*Chicago Rock Island and Pacific Railroad Company v. Spool Stockyards Company*, 220 F. Supp. 433 (W.D. Tex. 1963) ......................... **25**

*City of Mission v. Popplewell,* 294 S.W.2d 712 (Tex. 1956) ................................ **25**

*County of Harris v. Southern Pac. Transp. Co.*, 457 S.W.2d 336 (Tex. Civ. App. – Houston [1st Dist.] 1970, no writ) ................................. **25**

*Crawford v. Crawford*, 315 S.W.2d 190 (Tex. Civ. App. – Waco 1958, no writ) ........................................................................ **23**

*Egan v. Woodell,* 720 S.W.2d 169 (Tex. App. – San Antonio 1986, writ ref'd n.r.e.) ..................................................................... **25**

*Gensco, Inc. v. Thomas*, 609 S.W.2d 650 (Tex. Civ. App. – San Antonio 1980, no writ) .......................................................... **22**

*Gillette v. Van Horne*, 96 S.W.2d 305 (Tex. Civ. App. – El Paso 1931, writ dism'd) ...................................................... **25**

*Greene v. State*, 324 S.W.3d 276 (Tex. App. – Austin, no pet.) ................... **23, 24**

*In re Canales*, 52 S.W.3d 698 (Tex. 2001) .................................................. **25**

*James v. Hubbard*, 985 S.W.2d 516 (Tex. App. – San Antonio 1998, no pet.) ................................................................... **22**

*Kelso v. Thorne*, 710 S.W.2d 735 (Tex. App. – Corpus Christi 1986, no writ.) ....................................................................... **23**

{18705.43065-00389679.DOCX}

*Martinez v. Martinez*, 759 S.W.2d 522 (Tex. App. – San Antonio 1988, no writ)..................................................................................**23**

*Meredith v. Eddy*, 616 S.W.2d 235 (Tex. Civ. App. – Houston [1[st] Dist.] 1981, no writ) ...........................................................**25**

*Mobil Pipe Line Co. v. Smith*, 860 S.W.2d 157 (Tex. App. – El Paso 1993, no writ)..................................................................................**25**

*Quest Communications Corp. v. AT&T Corp.*, 24 S.W.3d 334 (Tex. 2000) ..........................................................................................**23**

*Texas Life Ins. Co. v. Texas Bldg. Co.*, 307 S.W.2d 149 (Tex. Civ. App. – Fort Worth 1957, no writ) ....................................... **23, 24**

*Young v. Golfing Green*, 2012 WL 6685472 (Tex. App. – Dallas 2012) .................................................................................... **21, 23**

*Statutes*

TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4).............................................**20**

TEX. GOV'T CODE ANN. § 74.052.......................................................................**24**

*Rules*

TEX. R. CIV. P. Rule 166a(a).................................................................................**21**

{18705.43065-00389679.DOCX}

No. 04-15-00127CV

IN THE COURT OF APPEALS

FOR THE 4TH JUDICIAL DISTRICT OF TEXAS

AT SAN ANTONIO

EL CABALLERO RANCH, INC.
AND LAREDO MARINE, L.L.C., *Appellants*

V.

GRACE RIVER RANCH, LLC, *Appellee*

Appealed from
the 218th District Court of
La Salle County, Texas

FIRST AMENDED MOTION TO DISMISS APPEAL
FOR WANT OF JURISDICTION

TO THE HONORABLE JUSTICES OF THE FOURTH COURT OF APPEALS:

Appellee, Grace River Ranch, LLC respectfully files this, its First Amended Motion to Dismiss Appeal for Want of Jurisdiction, in this appeal from a Partial Summary Judgment entered in the 218th District Court of La Salle County, Texas, the Honorable Stella Saxon, presiding.

1

## REFERENCES TO PARTIES

Appellee, Grace River Ranch, LLC, is sometimes referred to herein simply as "Grace River." Appellant, El Caballero Ranch, Inc., is sometimes referred to herein simply as "El Caballero." Appellant, Laredo Marine, L.L.C., is sometimes referred to herein simply as "Laredo Marine." Intervenor, Robert W. Brittingham, is sometimes referred to herein simply as "Brittingham."

## REFERENCES TO RECORD

References to the transcript from the District Court of La Salle County are referred to as "CR" (Clerk's Record), or similar reference, followed by the appropriate Volume and Page number(s). Reference to the Reporter's Record are referred to as "RR" followed by the appropriate Volume and Page number(s).

## STATEMENT OF THE CASE

This suit was brought in the trial court by Grace River against El Caballero and Laredo Marine for declaratory relief, injunctive relief, and damages seeking to gain access to certain deeded private easements (collectively the "Grace River Easements") and a public easement (the "Public Easement") crossing both El Caballero Ranch (belonging to El Caballero) and 7 C's Ranch (belonging to Laredo Marine). These easements were and are blocked by locked gates maintained by both El Caballero and Laredo Marine. Intervenor, Brittingham, brought suit against El Caballero and Laredo Marine seeking similar relief.

2

Brittingham has now settled with El Caballero and Laredo Marine gaining complete access to Brittingham's similar easement as sought in Brittingham's Plea in Intervention. Additionally, El Caballero and Laredo Marine paid all of Brittingham's attorney's fees.

## STATEMENT OF FACTS

1. **Grace River Ranch.** Grace River is the owner of the 6,779.066 acre "Grace River Ranch" located in La Salle County, Texas.[1]

2. **El Caballero Ranch.** El Caballero is the owner of at least 9,220.993 acres comprising the "El Caballero Ranch" also located in La Salle County.[2]

3. **7 C's Ranch.** Laredo Marine is the owner of a 30,074.41 acre tract known as the "7 C's Ranch" located in La Salle and Webb Counties, Texas.[3]

4. **Common Source of Title of Grace River Ranch, El Caballero Ranch, and 7 C's Ranch.** The Grace River Ranch, the El Caballero Ranch, and the 7 C's Ranch, have a common source of title, being Patrick H. Welder, Jr. The parent tract was acquired by Patrick H. Welder, Jr. by deed dated January 28, 1963. The histories of Grace River Ranch, the El Caballero Ranch, and the 7 C's Ranch subsequent to that common source of title appear below in tabular form:

---

[1] CR I, 38-39, 61-77, 263-264. Grace River is a Texas limited liability company formed on December 28, 2012 as "Rio Gracia, LLC." On January 30, 2013, the registered name of Rio Gracia LLC was changed to "Grace River Ranch, LLC. CR I, 8, 56-60.

[2] CR I, 39-40, 81-91, 263-64; CR III, 105-125.

[3] CR I, 40-42.

{18705.43065-00389679.DOCX}

**Figure 1.**

| Title History – Grace River Ranch | | |
|---|---|---|
| **Document** | **Date** | **Reference to Record** |
| General Warranty Deed, Patrick H. Welder, Jr. to John T. Mundy and Sue E. Mundy | September 6, 1995 | CR I, 92-103 |
| Special Warranty Deed, John T. Mundy and Sue E. Mundy to The Roy and Bonnie Goodwin Family Ranch Trust (Veda Gwen Goodwin Treat and Kelly Maxwell Goodwin, as Co-Trustees) | December 17, 2012 | CR I, 104-112 |
| Special Warranty Deed, Veda Gwen Goodwin Treat and Kelly Maxwell Goodwin, Co-Trustees of the Roy and Bonnie Goodwin Family Ranch Trust Dated December 17, 2012 to Rio Gracia, LLC | December 31, 2012 | CR I, 61-77 |

**Figure 2.**

| Title History – El Caballero Ranch | | |
|---|---|---|
| **Document** | **Date** | **Reference to the Record** |
| Vendor's Lien Deed, Patrick H. Welder, Jr. to Knight Oil Tools, Inc. | February 3, 1997 | CR I, 113-129 |
| Warranty Deed, Knight Oil Tools, Inc. to El Caballero Ranch, Inc. | March 30, 1998 | CR I, 81-91 |

{18705.43065-00389679.DOCX}

**Figure 3.**

| Title History – 7 C's Ranch | | |
|---|---|---|
| **Document** | **Date** | **Reference to the Record** |
| Warranty Deed, Patrick H. Welder, Jr. to E. J. Cop (30,074.41 ac.) | October 6, 1999 | CR III, 126-144 |
| Warranty Deed, E.J. Cop to Dennis J. Wilkerson, Trustee (15,000 ac.) | March 22, 2000 | CR III, 146-164 |
| Warranty Deed, E.J. Cop to Dennis J. Wilkerson, Trustee, Samuel H. Vester, Jr. and Joseph P. Gerlich (15,074.41 ac.) | March 22, 2000 | CR III, 165-191 |
| Warranty Deed With Vendor's Lien, Dennis J. Wilkerson, Trustee, Samuel H. Vester, Jr., and Joseph P. Gerlich to Damon Chouest, Inc. | March 22, 2000 | CR III, 192-222 |
| Correction Warranty Deed With Vendor's Lien, Dennis J. Wilkerson, Trustee, Samuel H. Vester, Jr. and Joseph P. Gerlich to Damon Chouest, Inc. | April 18, 2011 (Effective March 22, 2000) | CR III, 223-258 |
| General Warranty Deed With Assumption of Security Documents, Damon Chouest, Inc. to Laredo Marine, L.L.C. | December 18, 2000 | CR III, 259-295 |
| Correction General Warranty Deed With Assumption of Security Documents, Damon Chouest, Inc. to Laredo Maine, L.L.C. | April 20, 2011 (Effective December 18, 2000) | CR III, 105-125 [4] |

---

[4] *See also* CR I, 42-44.

{18705.43065-00389679.DOCX}

**5.**     **Northerly Grace River Easement.**   Contemporaneously with the creation and sale of the present Grace River Ranch by Patrick H. Welder, Jr. on September 6, 1995, Welder created and granted an "Access Easement Agreement" for vehicular and pedestrian access in favor of purchasers, John T. Mundy and Sue E. Mundy, leading from Grace River Ranch over and across Welder's retained property inclusive of the present El Caballero Ranch and 7 C's Ranch and passing along a prescribed and surveyed route northward from Grace River Ranch toward FM 624.  This Access Easement Agreement provided in pertinent part:

(1)     the easement was 80 feet in width;

(2)     the access was for vehicular and pedestrian access along the described route of the easement for each owner of the present Grace River Ranch, their employees, agents, and invitees;

(3)     no barriers were to be erected to interfere with the free flow of vehicular and pedestrian traffic across the present El Caballero Ranch and/or 7 C's Ranch other than gates through which the easement owner might pass without assistance;

(4)     the servient owner was to provide the easement owner with all necessary keys to open gates such that all gates could be freely opened and closed without assistance;

(5)     the easement was binding upon and inured to the benefit of all subsequent owners of the servient and dominant estates;

(6)     the easement could not be subsequently amended except by a writing by the owners of the servient and dominant estates and signed and filed of record in La Salle County;

(7)     the easement was appurtenant to the present Grace River Ranch.

(hereinafter the "Northerly Grace River Easement").[5]

**6.**     **Easterly Access Easement.**   Contemporaneous with the creation and sale of the present Grace River Ranch by Patrick H. Welder, Jr. on September 6, 1995, Welder also created

---

[5] CR I, 44-45, 130-146, 263-264.

{18705.43065-00389679.DOCX}

and granted an additional "Access Easement Agreement" for vehicular and pedestrian access in favor of purchasers, John T. Mundy and Sue E. Mundy, to the present Grace River Ranch over and across Welder's retained property inclusive of the present 7 C's Ranch property and passing along a described route towards State Highway 44. This second Access Easement Agreement provided in pertinent part:

    (1)    the easement was 80 feet in width;

    (2)    the access was for vehicular and pedestrian access along the described route of the easement for each owner of the present Grace River Ranch, their employees, agents, and invitees;

    (3)    no barriers were to be erected to interfere with the free flow of vehicular and pedestrian traffic across the present 7 C's Ranch property other than gates through which the easement owner might pass without assistance;

    (4)    the servient owner was to provide the easement owner with all necessary keys to open gates such that all gates could be freely opened and closed without assistance;

    (5)    the easement was binding upon and inured to the benefit of all subsequent owners of the servient and dominant estates;

    (6)    the easement could not be subsequently amended except by a writing by the owners of the servient and dominant estates and signed and filed of record in La Salle County, Texas.

    (7)    The easement was appurtenant to the present Grace River Ranch.

(hereinafter the "Easterly Access Easement").[6]

    **7.**    **Grace River Easements.** The Northerly Grace River Easement and the Easterly Grace River Easement are herein sometimes collectively referred to as the "Grace River Easements".

---

[6] CR I, 45-46, 263-264; CR III, 296-308.

{18705.43065-00389679.DOCX}

8. **Grace River Ranch the Successor Dominant Estate Owner of the Grace River Easements.** Grace River is the successor in title to the dominant estate of the Grace River Easements per the following chain of title:

**Figure 4.**

| Grace River Easements Title History (Dominant Estate) | | |
|---|---|---|
| **Instrument** | **Date** | **Reference to the Record** |
| Access Easement Agreement (Northerly), Patrick H. Welder, Jr. to John T. Mundy, et ux | September 6, 1995 | CR I, 130-146 |
| Access Easement Agreement (Easterly), Patrick H. Welder, Jr. to John T. Mundy, et ux | September 6, 1995 | CR III, 296-308 |
| Special Warranty Deed, John T. Mundy and Sue E. Mundy to Roy and Bonnie Goodwin Family Ranch Trust (Veda Gwen Goodwin Treat and Kelly Maxwell Goodwin, as Co-Trustees)[7] | December 17, 2012 | CR I, 101-112 |
| Special Warranty Deed, Veda Gwen Goodwin Treat and Kelly Maxwell Goodwin, Co-Trustees of the Roy and Bonnie Goodwin Family Ranch Trust of December 17, 2012 to Rio Gracia, LLC[8] | December 31, 2012 | CR I, 61-77 |

[9]

9. **El Caballero and Laredo Marine are the Successor Servient Owners Under the Grace River Easements.** El Caballero, as the owner of the El Caballero Ranch, is the successor in title to that part of the servient estate encumbered by the Northerly Grace River

---

[7] The Grace River Easements were expressly conveyed as part of this transaction.

[8] The Grace River Easements were expressly conveyed as part of this transaction.

[9] *See also* CR I, 46-47.

{18705.43065-00389679.DOCX}

Easement and lying within the El Caballero Ranch per the chain set out in Figure 2. Laredo Marine, as the owner of the 7 C's Ranch, is the successor in title to that part of the servient estate encumbered by both the Northerly Grace River Easement and the Easterly Grace River Easement and lying within 7 C's Ranch per the chain of title set out in Figure 3.

All vesting deeds into El Caballero and Laredo Marine, and their predecessors in title, made after September 6, 1995 (the date the Grace River Easements were created), are expressly made subject to the Northerly Access Agreement, the Easterly Access Agreement, and the Public Easement (as applicable).[10]

**10.** **Additional Private and Public Easements Along the Route of the Northerly Grace River Easement.** The Northerly Grace River Easement is non-exclusive. Additional parties have valid public and/or private easements along the route of the Northerly Grace River Easement and across El Caballero Ranch and the 7 C's Ranch, which easements were originally created by the following instruments:

**Figure 5.**

| Additional Public and/or Private Easements Along the Northerly Grace River Easement | | |
|---|---|---|
| **Instrument** | **Date** | **Reference to the Record** |
| Access Easement Agreement, Patrick H. Welder, Jr. to Jim Berry and Bob Berry (hereafter the "Berry Easement") (now owned by Brittingham) | March 31, 1995 | CR I, 157-173 |

---

[10] CR I, 10, 81-91, 113-129; CR III, 105-125, 126-144, 146-164, 165-191, 192-222, 223-258, 259-295.

{18705.43065-00389679.DOCX}

| Additional Public and/or Private Easements Along the Northerly Grace River Easement | | |
|---|---|---|
| **Instrument** | **Date** | **Reference to the Record** |
| Vendor's Lien Deed, Patrick H. Welder, Jr. to Knight Oil Tools, Inc. (hereafter the "Welder Easement")[11] | February 3, 1997 | CR I, 113-129 |
| Right-of-Way Deed, Ruth Bradley Watkins, Individually and as Independent Executor of the Will and Estate of Griffin Watkins, Deceased, et al to G.A. Welhausen, County Judge, La Salle County, Texas (the "Public Easement"). | February 3, 1939 | CR I, 174-177 |

[12]

These additional easements have not been subsequently revoked, released, or terminated.

**11.** **<u>Use of the Northerly Grace River Easement</u>.** After the creation and recordation of the Northerly Grace River Easement in favor of John T. Mundy and Sue E. Mundy (hereinafter collectively "Mundy"), Mundy extensively used the Northerly Grace River Easement for access to the Grace River Ranch (then the Mundy Ranch). Mundy was originally supplied with a key to all gates across the Northerly Grace River Easement by Patrick H. Welder, Jr. The Northerly Grace River Easement crossed the Nueces River over a low water crossing originally constructed by La Salle County decades prior to Mundy's easement on a public road (the "Public Easement") along the same path as the Northerly Grace River Easement (hereafter called the "Low Water Crossing").

---

[11] This instrument expressly retained an access easement in favor of Patrick H. Welder, Jr.

[12] *See also* CR I, 47-48.

{18705.43065-00389679.DOCX}

On February 3, 1997, Knight Oil Tools acquired the current El Caballero Ranch by Vendor's Lien Deed made <u>expressly subject to the Northerly Grace River Easement, the Berry Easement, and the Public Easement</u>. Knight Oil Tools, Inc. then conveyed the El Caballero Ranch to a related entity, El Caballero, on March 30, 1998 also <u>expressly subject to the same preexisting easements</u>.

Eddie Knight, a principal of both Knight Oil Tools, Inc. and El Caballero Ranch supplied Mundy with keys to a new gate lock placed by Knight Oil Tools/El Caballero Ranch along the route of the Northerly Grace River Easement. Later Knight Oil Tools/El Caballero Ranch supplied a second and updated key to a replacement lock along the route of the Northerly Grace River Easement. Mundy continued to make extensive use of the Northerly Grace River Easement for access and egress to the Mundy Ranch.

Sometime thereafter, there was a washout of 65 feet of the southern approach to the decades old Low Water Crossing. The majority of the span of the Low Water Crossing remains intact. This washout limited the use of the Northerly Grace River Easement as a through way to FM 624 by Mundy while Mundy waited for the repair of the Low Water Crossing. Crossing the Nueces River required a 4WD vehicle thereafter. Mundy temporarily limited Mundy's travel along the entirety of the Northerly Grace River Easement for this reason only. Mundy mostly utilized alternative access. However, there was no change in the road that indicated to Mundy that any party was attempting to deny Mundy the use of the Northerly Grace River Easement as it crossed either the El Caballero Ranch or the 7 C's Ranch. There were no visual indications on the road that either servient owner then failed to recognize the continuity of the Northerly Grace River Easement. Nothing about the gates or road indicated any change in circumstances. Nothing indicated that Mundy's key was no longer valid to access the road. Neither El Caballero

11

nor Laredo Marine repudiated the easement to Mundy. Mundy never intended to nor did Mundy relinquish Mundy's right to use the Northerly Grace River Easement after the washout. No one connected with El Caballero Ranch or 7 C's Ranch ever challenged Mundy's right to use the Northerly Grace River Easement. Mundy would have vigorously opposed any such effort.

The Northerly Grace River Easement also crosses the present 7 C's Ranch between Grace River Ranch and the Nueces River to the north along the route described in the Northerly Grace River Easement. During the time that Damon Chouest, Inc. and Laredo Marine, L.L.C. owned the 7 C's Ranch, they had a Ranch Manager running operations named Chad Edwards. During this period, all gates lying along the Northerly Grace River Easement on the 7 C's Ranch were taken down and/or unlocked except one new gate lying several hundred yards south of the Nueces River. This gate was kept locked with a lock requiring a key. Mundy was originally provided with a duplicate copy of this key by Chad Edwards <u>after the southern approach to the Low Water Crossing washed out</u> in anticipation of its later use. At all times while Mundy and Mundy-related entities owned the Grace River Ranch, Mundy had the use of the Northerly Grace River Easement. Mike Treat, a caretaker for the Mundy Property, utilized the 7 C's Ranch portion of the Northerly Grace River Easement several times a year each year for the period extending between 2000 and 2013. No one connected with 7 C's Ranch ever disputed that use.[13]

**12.** <u>**Use of Easterly Grace River Easement.**</u> After the creation and recordation of the Easterly Grace River Easement in favor of Mundy, Mundy extensively used the Easterly Grace River Easement for access to the Grace River Ranch (then the Mundy Property). The Easterly Grace River Easement provided access to the Mundy Ranch from an easterly direction across the present 7 C's Ranch Property. This was one of the preferred routes to reach the Ranch

---

[13] CR I, 81-91, 113-129, 130-146, 178-183, 184-189, 263-264, 273-278, 279-280; CR II, 1; CR III, 310-314.

convenient to Mundy. There was a locked gate where the Easterly Grace River Easement entered the present 7 C's Ranch. Mundy maintained Mundy's own lock on this gate to allow them to come and go along the Easterly Grace River Easement. During the entire time of Mundy's ownership of the Ranch, no one connected with any of the owners of the present 7 C's Ranch ever attempted to restrict or prohibit Mundy's use of the Easterly Grace River Easement. Mundy used it frequently and without protest from anyone. No one connected with the ownership of 7 C's Ranch ever challenged Mundy's right to use the Easterly Grace River Easement for as long as Mundy owned the Ranch. If they had, Mundy would have vigorously opposed any such effort. Representatives of Grace River Ranch have used the Easterly Access Easement freely since Grace River purchased the Grace River Ranch without complaint or opposition by anyone connected with 7 C's Ranch.[14]

**13.** **Grace River Buys Grace River Ranch.** On December 31, 2012 Grace River bought the Grace River Ranch and appurtenant easements, inclusive of the Grace River Easements.[15]

**14.** **Permitting.** Grace River then obtained all necessary governmental permitting and easements from the General Land Office of Texas (GLO) and the U.S. Army Corps of Engineers to repair and utilize the Low Water Crossing.

The GLO has now issued a Miscellaneous Easement to Grace River for the Nueces River Crossing. The Miscellaneous Easement was applied for and issued in complete conformity with the statutes and regulations governing such easements. The GLO issued the Miscellaneous

---

[14] CR I, 53, 178-183, 184-189, 263-64; CR III, 105-125, 310-314.

[15] CR I, 49, 61-77.

{18705.43065-00389679.DOCX}

Easement in the public interest notwithstanding objection by El Caballero and Laredo Marine. The GLO has no plans to revoke, suspend, or modify the Miscellaneous Easement.[16]

**15.** **Grace River Notifies El Caballero That Grace River is the Current Owner of the Northerly Grace River Easement.** In February, 2013 Grace River notified El Caballero that Grace River was the current owner of the Northerly Grace River Easement.[17]

**16.** **Grace River Requests Keys and Access to the Northerly Grace River Easement.** Beginning February 22, 2013, Grace River requested keys and access to the Northerly Grace River Easement as it traverses El Caballero Ranch.[18]

**17.** **El Caballero Refuses Access Along the Northerly Grace River Easement.** In response to requests by Grace River for access along the Northerly Grace River Easement, El Caballero refused any access along the easement.[19]

**18.** **El Caballero Falsely and Unilaterally Attempted to Terminate the Northerly Grace River Easement, the Berry Easement, and the La Salle County Easement.** In direct response to Grace River's request for access, on or about March 5, 2013, El Caballero attempted to falsely and unilaterally terminate the Northerly Grace River Easement, the Berry Easement (now owned by Intervenor, Robert W. Brittingham), and the Public Easement by recording in the Official Records of La Salle County, a "Notice of Revocation and Termination of Easement and Access Easement Agreements" by claims of abandonment, failure of purpose, and impossibility.

---

[16] CR I, 14-15; CR II 23-55; CR III, 2-33, 34-102.

[17] CR I, 49, 256-257, 258-260.

[18] CR I, 49, 258-260, 261-262.

[19] CR I, 50, 190-193, 194-195, 268-270; CR II, 5-16.

{18705.43065-00389679.DOCX}

Prior to that date neither El Caballero nor its predecessors in title had taken an action to cancel or repudiate the Northerly Grace River Easement.[20] This suit followed shortly thereafter.

**19.** **The Original Basis for El Caballero's Excluding Grace River from the Northerly Grace River Easement are Failure of Purpose, Abandonment, and Impossibility.** The original basis of El Caballero's refusal to allow use of the Northerly Grace River Easement was failure of purpose, abandonment, and impossibility. El Caballero's initial legal position, long since abandoned, was that Grace River could not secure the necessary permitting to rebuild the Low Water Crossing.[21]

**20.** **Traditional and No-Evidence Motion for Summary Judgment Filed by Grace River.** On July 18, 2013, Grace River filed in the trial court its Traditional and No-Evidence Motion for Summary Judgment to determine and declare the validity of the Northerly Grace River Easement and of the public roadway along the route of the Northerly Grace River Easement based on the original failure of purpose, abandonment, and impossibility defenses raised to El Caballero. This Motion was set for hearing before the Court on September 26, 2013.[22]

**21.** **El Caballero Files its First Amended Answer.** On or about September 18, 2013 approximately seven days prior to the scheduled hearing on the above Traditional and No-Evidence Motion for Summary Judgment, El Caballero filed in the trial court its First Amended

---

[20] CR I, 50, 196-255.

[21] CR I, 190-193, 196-255, 268-270; CR II, 17-22.

[22] Second Supplemental CR I, 426; Second Supplemental CR II, 55.

{18705.43065-00389679.DOCX}

Answer, Defenses & Counterclaim (the "Amended Answer"). The Amended Answer raised the additional defense of adverse possession under TEX. CIV. PRAC. & REM. CODE ANN. § 16.026.[23]

**22.** **Intervention by Laredo Marine.** On that same day, September 18, 2013, Laredo Marine filed in the trial court its Original Petition in Intervention and Counterclaim contesting the validity of the Northerly Grace River Easement and the public road running along the path of the Northerly Grace River Easement on grounds of abandonment, failure of purpose, and adverse possession/limitations.[24]

**23.** **Grace River's Traditional and No-Evidence Motion for Summary Judgment Heard and Submitted.** The Traditional and No-Evidence Motion for Summary Judgment filed by Grace River was heard by the Court on September 26, 2013. The Motion was extensively and exhaustively argued and briefed by the Parties.[25]

**24.** **Court Issues Letter Ruling.** On or about June 12, 2014, the Court entered its letter ruling that was granting the Traditional and No-Evidence Motion for Summary Judgment of GRACE RIVER.[26]

**25.** **Order Entered.** Over eight months after the hearing date, on July 7, 2014, the Court entered its Order Granting Traditional and No-Evidence Motion for Summary Judgment in favor of Grace River.[27]

---

[23] Second Supplemental CR I, 427-433.

[24] Second Supplemental CR I, 433-438.

[25] Second Supplemental CR II, 55.

[26] Second Supplemental CR II, 8-9.

[27] Second Supplemental CR II, 10-13.

{18705.43065-00389679.DOCX}

**26.** **Amended Order Entered.** On August 4, 2014, the Court entered its First Amended Order Granting Traditional and No-Evidence Motion for Summary Judgment in favor of Grace River. The Court by its First Amended Order Granting Traditional and No-Evidence Motion for Summary Judgment found as follows:

1. **Private Easement.** GRACE RIVER RANCH, LLC (GRACE RIVER) has a valid and subsisting non-exclusive express easement across El Caballero Ranch for vehicular and pedestrian access to and egress from Grace River Ranch along that part of the Grace River Easement lying within El Caballero Ranch, with the right to use and maintain the road thereon and any culverts, low water crossings, or bridges lying along the Grace River Easement which has not been abandoned, become impossible, or relinquished, or failed of its purpose.

2. **Public Road.** There is a valid and subsisting express public road across El Caballero Ranch along the route and of the width described in the County Road Easement for that part of the County Road Easement lying within El Caballero Ranch which public road has not been abandoned or relinquished by La Salle County, become impossible, or failed of its purpose.[28]

The trial court's order was expressly made interlocutory. It made no attempt to adjudicate claims filed after the filing date of the original Motion.

**27.** **Second Traditional and No-Evidence Motion for Summary Judgment by Grace River.** Grace River then filed its Second Motion for Traditional and No-Evidence Motion for Summary Judgment seeking summary judgment on the additional issues and against the additional parties raised and/or intervening after the filing of the original Motion (as granted by the Court on July 7, 2014 and again on August 4, 2014) and pertaining to all matters concerning the validity and continuity of the Grace River Easements and the Public Easement. This was heard on September 18, 2014.[29]

---

[28] Second Supplemental CR II, 55-57.

[29] CR I, 1-280; CR II, 1-55; CR III, 1-408.

{18705.43065-00389679.DOCX}

**28.**     **Second Traditional and No-Evidence Motion for Summary Judgment Granted.** On December 17, 2014, Judge Saxon issued her letter ruling that the Second Traditional and No-Evidence Motion for Summary Judgment of Grace River was granted.[30]

**29.**     **Judge Saxon Retires.** Judge Saxon retired effective December 31, 2014. Grace River sent to Judge Saxon a proposed Partial Summary Judgment consistent with her letter ruling prior to this date. However, no formal order was entered prior to Judge Saxon's retirement date.

**30.**     **Judge Saxon Assigned to Stay With This Case.** On January 6, 2015, Presiding Judge for the Fourth Administrative Region, David Peeples, assigned Judge Saxon to this case.[31]

**31.**     **Objection to Assignment of Judge Saxon.** On January 9, 2015, El Caballero and Laredo Marine both filed their Objection to Assignment of Visiting Judge objecting to Judge Saxon's assignment to this case.[32]

**32.**     **Motion for Entry of Partial Summary Judgment.** Pursuant to a Motion for Entry of Partial Summary Judgment filed by Grace River, a hearing was conducted by Judge Saxon on March 3, 2015.[33]

**33.**     **Partial Summary Judgment.** At the conclusion of the March 3, 2015 hearing, Judge Saxon entered a Partial Summary Judgment making a final determination of all issues relating to the validity, continuity, and extent of the Grace River Easements and the Public Easement.[34] The only claims remaining unadjudicated after March 3, 2015 were:

---

[30] CR V, 166.

[31] CR V, 169.

[32] CR V, 170-171.

[33] RR, 3.

[34] CR V, 285.

{18705.43065-00389679.DOCX}

(1.)    All damage claims by Grace River against El Caballero and Laredo Marine by reason of the disruption or blocking of the Grace River Easements and the La Salle County Easement.

(2.)    All claims for attorney's fees and costs.[35]

The Partial Summary Judgment made a final determination of all issues relating to the validity, continuity, and extent of the Grace River Easements and the Public Easement as follows:

(1.)    <u>Private Easement</u>. Grace River has valid and subsisting non-exclusive express easements across El Caballero Ranch, 7 C's Ranch, and the Nueces River Crossing for vehicular and pedestrian access to and egress from Grace River Ranch along that part of the Grace River Easements lying within El Caballero Ranch, 7 C's Ranch, and/or the Nueces River Crossing with the right to use and maintain the road thereon and any culverts, low water crossings, or bridges lying along the Grace River Easement in conformity with the rights and privileges and subject to the requirements set out in the Grace River Easements and the Miscellaneous Easement.

(2.)    <u>Public Road</u>. There is a valid and subsisting public road across El Caballero Ranch, 7 C's Ranch, and Nueces River Crossing along the route and of the width described in the County Road Easement for that part of the County Road Easement lying within El Caballero Ranch, 7 C's Ranch, and the Nueces River Crossing.[36]

The Partial Summary Judgment, after finally determining all issues regarding the existence of the Grace River Easements and the Public Easement permanently enjoined El Caballero and Laredo Marine as follows:

1. <u>Private Easements</u>. El Caballero and Laredo Marine are enjoined from:

(a.)    Erecting or maintaining any barriers, fences, or gates of any kind that would interfere with or obstruct the free flow of vehicular or pedestrian access, on, over, or across the Grace River Easements other than gates currently located on El Caballero Ranch or 7 C's Ranch. All such gates must be maintained and/or secured such that Grace River may pass

---

[35] CR V, 285.

[36] CR V, 284.

{18705.43065-00389679.DOCX}

through them without assistance. Laredo Marine shall remove the fence along the Northerly Grace River easement and located within 7 C's Ranch within 30 days of the date entry of this Partial Summary Judgment.

    (b.)    Maintaining any gate or barrier along or across the Grace River Easements without providing all necessary keys, combinations, or codes to GRACE RIVER to open such gates without assistance. Such keys, combinations, or codes are to be delivered to Grace River not later than 3 days from the entry hereof, and prior to an installation of any future rekeyed, reconfigured, or recoded lock.

    (c.)    Taking any action to prevent Grace River from freely opening and closing any gates in the Grace River Easements without assistance.

    (d.)    Preventing or obstructing Grace River from using, having access across, or undertaking the maintenance or repair of the roadway, bridges, low water crossings, culverts, grades, trimming, etc. along the Grace River Easements and Nueces River Crossing.

2. <u>Public Road</u>. El Caballero and Laredo Marine are permanently enjoined from:

    (a.)    Preventing or obstructing maintenance or repair of the roads, bridges, culverts, grades, or low water crossings lying along the County Road Easement.[37]

**34.** **<u>Interlocutory Appeal.</u>** From the Partial Summary Judgment, El Caballero and Laredo Marine have brought this Interlocutory Appeal pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (appeal of grant of temporary injunction).[38]

**ARGUMENTS AND AUTHORITIES**

**1.** **<u>Partial Summary Judgment Includes an Interlocutory Permanent Injunction.</u>** Appellants' appeal is based on the unsupported misconception that

---

[37] CR V, 284-285.

[38] CR V, 287-294.

the Partial Summary Judgment, because interlocutory, of necessity, includes a "temporary injunction."[39]  This misapprehends the law and the state of the record. An interlocutory judgment may contain a permanent injunction.[40]

The Partial Summary Judgment makes it clear that the trial court intended to issue a permanent injunction.  The Court expressly stated that the Partial Summary Judgment decided "all claims of the Parties relating to the validity, continuity, and extent of the [easements]" and leaving only damage claims for later adjudication.[41] The injunction does not contemplate any further order of the court or have any time limitations on its application.[42]  There was no trial necessary to resolve the merits of Grace River's easement claims.  The Partial Summary Judgment granted injunctive relief following a hearing on a motion for summary judgment and not upon a request for a temporary injunction.[43]

---

[39] *See, e.g.,* Appellants' Brief at 12.

[40] *See Young v. Golfing Green*, 2012 WL 6685472 at *1 (Tex. App. – Dallas 2012); *Aloe Vera of America, Inc. v. CIC Cosmetics Int'l Corp.,* 517 S.W.2d 433, 436 (Tex. Civ. App. – Dallas 1974, no writ); *Brelsford v. Old Bridge Lake Community Serv. Corp.,* 784 S.W.2d 700, 701-02 (Tex. App. – Houston [14th Dist.] 1989, no writ).

[41] CR V, 285.  Because the damage claims presented genuine issue of fact, the trial court rendered interlocutory relief as expressly authorized by TEX. R. CIV. P. Rule 166a(a).

[42] CR V, 284-285.

[43] *See Young v. Golfing Green, supra* at *2.

{18705.43065-00389679.DOCX}

The true character of an injunction is to be determined by its characteristics and functions.[44]  Whether an injunction is temporary or permanent is determined by looking at the substance of the order.[45]  The purpose of a temporary injunction is to preserve the status quo pending a final hearing to determine the merits.[46]  Conversely, a permanent injunction is not dependent on any further action on the merits by the trial court.[47]  A permanent injunction grants all relief the trial court intends to grant on that subject matter.[48]  This is clearly the case with the Partial Summary Judgment.  It expressly resolves the merits of the easement claims and the injunctive relief necessary to enforce adherence to the Court's Order.  No more permanent order could be made with respect to Grace River's claims for injunctive relief than the trial court made.[49]  The Partial Summary Judgment is an interlocutory order granting a permanent injunction.  Because the trial court's order

---

[44] *Gensco, Inc. v. Thomas*, 609 S.W.2d 650, 651 (Tex. Civ. App. – San Antonio 1980, no writ); *James v. Hubbard*, 985 S.W.2d 516, 518 (Tex. App. – San Antonio 1998, no pet.)

[45] *Gensco v. Thomas, supra* at 651.

[46] *Id.*

[47] *Id.*

[48] *Id.*

[49] *Id.*

{18705.43065-00389679.DOCX}

grants a permanent injunction, there is no jurisdiction supporting the present appeal.[50]

Appellants' opposition to this motion is mired in the semantics of the discussions before the trial court and not the substance of the Partial Summary Judgment.[51] The status of the injunction as permanent or temporary is not defined by the argument before the trial court or other matters of form or semantics.[52] It is the character and function of the <u>order</u> that determines its classification.[53]

## 2. <u>Judge Saxon Had Authority to Enter Partial Summary Judgment.</u>

If a district judge renders a judgment prior to the judge's retirement or the expiration of his or her term of office, that retired judge may perform the ministerial act of later signing an instrument of judgement thereon.[54] A letter by

---

[50] *See Quest Communications Corp. v. AT&T Corp.*, 24 S.W.3d 334, 336 (Tex. 2000); *Brelsford v. Old Bridge Lake Community Serv. Corp.*, 784 S.W.2d 700, 702 (Tex. App. – Houston [14th Dist.] 1989, no writ); *Aloe Vera of America, Inc. v. CIC Cosmetics Int'l Corp.*, 517 S.W.2d 433, 436-37 (Tex. Civ. App. – Dallas 1974, no writ); *Young v. Golfing Green Homeowners Ass'n, Inc.*, 2012 WL 6685472 at *1 (Tex. App. – Dallas 2012); *Kelso v. Thorne*, 710 S.W.2d 735, 736-37 (Tex. App. – Corpus Christi 1986, no writ.).

[51] Response at 7-9. Grace River argued to the trial court that its situation differed from cases dealing with a temporary injunction based on the Court's final determination of the validity of the easement. RR 10-12. Appellants' incorrect argument then, as now, was that an interlocutory summary judgment could not grant a permanent injunction. RR 7. *But see* authorities at n. 40.

[52] *Quest Communications Corp. v. AT&T Corp.*, 24 S.W.3d 334, 336-37 (Tex. 2000).

[53] *Id.* at 336.

[54] *Greene v. State*, 324 S.W.3d 276, 282 (Tex. App. – Austin, no pet.); *Texas Life Ins. Co. v. Texas Bldg. Co.*, 307 S.W.2d 149, 154 (Tex. Civ. App. – Fort Worth 1957, no writ); *Crawford v. Crawford*, 315 S.W.2d 190, 192 (Tex. Civ. App. – Waco 1958, no writ); *Martinez v. Martinez*, 759 S.W.2d 522, 523 (Tex. App. – San Antonio 1988, no writ).

---

{18705.43065-00389679.DOCX}

the Court to the parties to prepare a judgment serves as a rendition of judgment sufficient to preserve the authority of the Court to sign a judgment post-retirement.[55] The salutary purpose of this rule is to allow the judgment to be signed by the same judge who heard the matter such that it reflects the operation of that judge's mind.[56]

Judge Saxon did not sign the Partial Summary Judgment as a visiting judge under TEX. GOV'T CODE ANN. § 74.052, but pursuant to her residual authority as "Presiding Judge" of the 218th District Court.[57] Quite apart from Appellants' suggestion that Judge Saxon hijacked the proceedings aware of her lack of authority to act, the Motion for Entry of Partial Summary Judgment was heard by Judge Saxon at the direction of both the Presiding Judge of the Fourth Administrative Judicial Region and senior sitting district judge in La Salle County.[58] Judge Saxon had authority to sign the Partial Summary Judgment to carry into effect her earlier rendition.[59]

In an effort at forum shopping, Appellants filed an objection to the assignment of Judge Saxon to the case following her retirement. Appellants

---

[55] *Greene v. State, supra* at 282.

[56] *Texas Life Ins. Co. v. Texas Building Co., supra* at 154.

[57] CR V, 285. *See also,* RR 8.

[58] *See* RR 8.

[59] CR V, 166.

{18705.43065-00389679.DOCX}

objected to Judge Saxon handling the remainder of the case to its conclusion.[60]

Appellants suggest (without reference to the record) that Judge Saxon overruled

that objection.[61] The basis of this inexplicable claim does not appear in the

record.[62]

**3. Injunctive Relief Not "New Relief".** Grace River brought this suit to

establish the validity of the Grace River Easements and Public Easement.

Ancillary to that relief, Grace River sought to enjoin Appellants from their

unlawful interference with the use and enjoyment of these valuable property

rights.[63] Injunctive relief is manifestly the appropriate remedy to prevent

obstruction of an easement.[64]

---

[60] CR V, 170-71.

[61] Appellant's Response to Appellee's Motion to Dismiss (hereinafter simply the "Response") at 4.

[62] Indeed, no ruling on the Appellants' motion was required as its application to future proceedings was automatic. *In re Canales*, 52 S.W.3d 698, 701 (Tex. 2001).

[63] CR III, 424; Second Supplemental CR II, 29, 48.

[64] *City of Mission v. Popplewell,* 294 S.W.2d 712, 714 (Tex. 1956); *Mobil Pipe Line Co. v. Smith*, 860 S.W.2d 157, 160 (Tex. App. – El Paso 1993, no writ); *Gillette v. Van Horne*, 96 S.W.2d 305, 306 (Tex. Civ. App. – El Paso 1931, writ dism'd); *Egan v. Woodell,* 720 S.W.2d 169, 171-72 (Tex. App. – San Antonio 1986, writ ref'd n.r.e.); *Meredith v. Eddy*, 616 S.W.2d 235, 241 (Tex. Civ. App. – Houston [1st Dist.] 1981, no writ); *Chicago Rock Island and Pacific Railroad Company v. Spool Stockyards Company,* 220 F. Supp. 433, 437 (W.D. Tex. 1963); *Aimco Prop., L.P. v. Time Warner Entertainment – Advanced/Newhouse Partnership*, 1997 WL 590675 at *3-4 (Tex. App. – Austin 1997); *County of Harris v. Southern Pac. Transp. Co.,* 457 S.W.2d 336, 341 (Tex. Civ. App. – Houston [1st Dist.] 1970, no writ).

{18705.43065-00389679.DOCX}

Grace River's Second Traditional and No-Evidence Motion for Summary Judgment requested summary judgment determining that the Grace River Easements and Public Easement were valid and subsisting. The motion carried forward the pleaded request for injunctive relief, requesting that the Court enjoin any further interference or obstruction thereof by Appellants.[65] The motion sought summary judgment on all issues and against all parties not adjudicated by the first summary judgment order.[66] Appellants suggest (without reference to the record), that the injunction is "new relief" not requested prior to the entry of Partial Summary Judgment.[67] This prodigiously misapprehends the record.

4.     **Judge Saxon Had No Further Participation in this Suit After Entry of the Rendered Partial Summary Judgment.**  Appellants suggest by the Response that:

> "Since that ruling [on the Partial Summary Judgment] La Salle County has filed an affirmative pleading with Judge Saxon, contending it was improper for her to declare the existence of a public road absent participation in the proceeding by the County(…La Salle County has asked that Judge Saxon, at a minimum, strike the portion of the summary judgment orders…"[68]

---

[65] CR I, 3.  Grace River's Second Traditional and No-Evidence Motion for Summary Judgment was filed on August 12, 2014, over four months prior to Judge Saxon's retirement.  CR I, 1.  It was heard on September 18, 2014, over three months prior to Judge Saxon's retirement.  CR V.

[66] CR I, 23.

[67] Response at 4-5.

[68] Response at 5.

{18705.43065-00389679.DOCX}

The implication by Appellants is that Judge Saxon has continued to hear and consider matters in the case following the entry of the Partial Summary Judgment. The record is utterly devoid of anything to support this unsupported claim.

**5.    Second Mandamus Proceeding.**    Appellants filed a second mandamus petition with this court on March 12, 2015.[69] That petition was denied for reason that Appellants were not entitled to the relief sought.[70]    Appellants suggest reasoning and findings supporting the order denying that mandamus relief which do not appear in the order.[71]    The denial of mandamus relief was not conditioned upon the merits of the present interlocutory appeal, or this Court's jurisdiction to hear it.[72]    Appellants have no right to an interlocutory appeal save as expressly provided by statute.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellee prays that appeal be dismissed for want of jurisdiction.

---

[69] *In re El Caballero Ranch, et al*, No. 04-15-00138-CV, the fourth proceeding by Appellants with this court on this same case.

[70] Order (March 12, 2015), *In re El Caballero Ranch, et al*, No. 04-15-00138.

[71] Response at 11.

[72] Order (March 12, 2015), *In re El Caballero Ranch, et al*, No. 04-15-00138.

{18705.43065-00389679.DOCX}

Dated: June 23, 2015

Respectfully submitted,

MOORMAN TATE HALEY
  UPCHURCH & YATES, L.L.P.

By:    /s/ STEVEN C. HALEY
     STEVEN C. HALEY
     State Bar No. 08741900
     207 East Main
     P.O. Box 1808
     Brenham, Texas 77834-1808
     Telephone: (979) 836-5664
     Telecopier: (979) 830-0913
     shaley@moormantate.com

MONTEZ & PATTERSON

     John H. Patterson, Jr.
     State Bar No. 24027716
     Thornton Plaza
     508 Thorton, Suite 4
     Cotulla, Texas 78014
     Telephone: (830) 483-5191
     Telecopier: (830) 483-5192
     john@montezandpatterson.com

JOE RUBIO LAW FIRM

     JOE RUBIO
     State Bar No. 17362100
     1000 Washington St., Ste. 4
     Laredo, Texas 78040
     Telephone: (956) 712-2223
     Telecopier: (956) 712-2225
     joerubio@joerubiolawfirm.com

28

Attorneys for Appellee,

*Grace River Ranch, LLC*

## **CERTIFICATE OF SERVICE**

I, Steven C. Haley, do hereby certify that on the 23rd day of June, 2015, I served a true and correct copy of the foregoing pleading to the following, in accordance with the Texas Rules of Civil Procedure:

Annalyn G. Smith
Schmoyer Reinhard, LLP
17806 I-10W, Ste. 400
San Antonio, Texas  78257
E-mail:  asmith@ar-llp.com

Kimberly S. Keller
Keller Stolarczyk PLLC
234 West Bandera Road, No. 120
Boerne, Texas  78006
E-mail:  kim@kellsto.com

Donato D. Ramos
Donato D. Ramos, Jr.
Law Offices of Donato D. Ramos
6721 McPherson
P.O. Box 452009
Laredo, Texas  78045
donatoramosjr@ddrlex.com

　　　　　　　　　　　　　　/s/ STEVEN C. HALEY
　　　　　　　　　　　　　　　STEVEN C. HALEY

{18705.43065-00389679.DOCX}