**J. T. CONWAY et al., Appellants,**

**v.**

**T. W. IRICK et al., Appellees.**

**No. 16925.**

Court of Civil Appeals of Texas.

Fort Worth.

May 10, 1968.

Rehearing Denied June 14, 1968.

See also Tex.Civ.App., 420 S.W.2d 141.

Chester A. Oehler, Dallas, for appellants.

Gerald E. Stockard, Denton, for appellees.

OPINION

RENFRO, Justice.

Suit was brought by J. T. Conway and others against T. W. Irick and others for damages to land.

The defendants cross-sued plaintiffs for damages and for judgment declaring the strip of land claimed by plaintiffs to be a public road.

Defendants prayed for a temporary injunction enjoining plaintiffs from obstructing or interfering with the use of the road pending trial on the merits.

On October 26, 1967, the court entered an order enjoining plaintiffs from interfering with the use of the road.

Plaintiffs appealed.

Plaintiffs contend the order was a temporary injunction. Defendants claim it was a permanent injunction.

By its terms the order was effective subject to further orders of the court. When an order is to operate until the final hearing, it is a temporary injunction. 31 Tex.Jur.2d 328, § 210. The courts will look to the substance of an order to determine whether it is temporary or permanent. We hold the October 26 order was a temporary injunction.

While the above temporary injunction was pending in this Court on appeal, the main case was tried on the merits. The defendants prevailed. In a judgment of March 22, 1968, the plaintiffs were permanently enjoined from interfering with use of the road in question.

The District Court had jurisdiction to hear the case on the merits and the application for a permanent injunction even though an appeal was pending from the order granting a temporary injunction. Rhoton v. Texas Land & Mortgage Co., 80 S. W.2d 763 (Tex.Civ.App., 1935, writ ref.); Magnolia Petroleum Co. v. Blankenship, 70

S.W.2d 258 (Tex.Civ.App., 1934, no writ hist.); South Atlantic & Gulf Coast of International Longshoremen's Ass'n v. Harris County—Houston Ship Channel Navigation District, 360 S.W.2d 181 (Tex.Civ.App., 1962, ref. n. r. e.).

The temporary injunction expired when the final judgment was entered. No temporary injunction now exists; hence the appeal from the order issuing it has become moot. International Association of Machinists, Local Union No. 1488 v. Federated Association of Accessory Workers, 133 Tex. 624, 130 S.W.2d 282 (Tex.Com.App., 1939); McMurrey v. McMurrey, 168 S.W.2d 944 (TexCiv.App., 1943, no writ hist.).

The cost of this appeal is taxed against plaintiffs.

Appeal dismissed.