**Frank KELSO, Appellant,**

v.

**Harold L. THORNE and Patricia L. Thorne, Appellees.**

**No. 13–86–169–CV.**

Court of Appeals of Texas,
Corpus Christi.

May 1, 1986.

Jim Mattox, Austin, for appellant.

Phillip M. Westergren, Corpus Christi, for appellees.

OPINION

PER CURIAM.

Appellant [1] attempts to appeal from an order entered by the trial court on Febru-

---

1. We note that only Frank Kelso is referred to in the order entered by the trial court. He and the other named "appellants" are represented by the Attorney General. All appellants claim an exemption from posting an appeal bond under § 104.006 of the Civil Practices and Remedies Code. Because we dismiss this appeal for want of jurisdiction on other grounds, we do not

ary 27, 1986. This Court is of the opinion that the order is interlocutory and non-appealable. We dismiss the appeal for want of jurisdiction.

Plaintiffs, Harold L. Thorne and Patricia L. Thorne, sued Frank Kelso, Eric Bishop, Individually and as employees of the Texas Department of Parks and Wildlife, and the Texas Department of Parks and Wildlife, for both damages *and* injunctive relief. Plaintiffs requested in part, that they be awarded damages for: loss of the value of a nine-year-old javelina called "Bubba," loss of companionship and affection, and mental pain and suffering due to the loss of "Bubba." The injunctive relief requested by plaintiffs included a request for the return of the javelina.

■ The order that was entered by the trial court read in part as follows:

The injunction requesting the delivery of the javelina involved herein is denied. The plaintiffs' request for injunctive relief pertaining to disclosure of the exact location of the release of the animal is granted, the Court specifically finds as a fact that the animal was in possession of Plaintiffs for approximately nine years, and that Plaintiffs have at least a qualified property interest in such animal. It is hereby ordered that Defendant Frank Kelso shall reveal to Plaintiffs the exact location of the place where he released the javelina involved, and that this shall be revealed to Plaintiffs within twenty-four hours of the signing of this order. Signed this 27th day of February, 1986.

The first issue to be decided is whether this order is a final order and thus appealable. An order which does not expressly dispose of all parties and issues is regarded as interlocutory. *Taliaferro v. Texas Commerce Bank,* 660 S.W.2d 151 (Tex.App.—Fort Worth 1983, no writ). In this case, all parties to the lawsuit have not been disposed of, and the issue of damages has not been addressed. The order merely refers to *one* defendant and concerns only injunctive relief. The order is interlocutory.

reach the question of appellant Kelso's exemp-

■ An interlocutory order may, however, be appealable if specifically permitted by statute. *Henderson v. Shell Oil Company,* 182 S.W.2d 994 (Tex.1944). Appeals that are allowed from interlocutory orders are listed in Tex.Civ. Practice & Remedies Code § 51.014. That section reads in part:

A person may appeal from an interlocutory order of a district court, county court at law, or county court that:

(4) grants or refuses or grants or overrules a motion to dissolve a temporary injunction as provided by Chapter 65.

Appellant, in his brief, refers to the order as a temporary injunction. If appellant is correct in his belief, then the order may be appealable under the above statutory allowance. However, if the order is not the granting of a *temporary* injunction, then there is no authority to consider the matter.

The term "temporary injunction" has been defined by case law. When an order, by its terms, is effective subject to further orders of the court, it is a temporary injunction. *Conway v. Irick,* 429 S.W.2d 648, (Tex.Civ.App.—Fort Worth 1968, writ ref'd). Courts look to the substance of an order to determine whether it is temporary. 429 S.W.2d at 649. In this case, no further action by the court was contemplated in the order. Frank Kelso was ordered to reveal the exact location of the place where he released the javelina and was ordered to reveal the location to plaintiffs within twenty-four hours of the signing of the order. By the nature of the order itself, it is not temporary. It was not subject to further orders of the court, and it was not to operate until a final hearing. *See City of Garland v. Futerfas,* 665 S.W.2d 140 (Tex.App.—Dallas 1983, no writ); *Zoning Board of Adjustment of the City of Lubbock v. Graham & Associates, Inc.,* 664 S.W.2d 430 (Tex.App.—Amarillo 1983, no writ); *Gensco, Inc. v. Thomas,* 609 S.W.2d 650 (Tex.Civ.App.—San Antonio 1980, no writ); *Aloe Vera of America, Inc. v. CIC Cosmetics International Corp.,* 517

tion.

S.W.2d 433, (Tex.Civ.App.—Dallas 1974, no writ).

The order entered on February 27, 1986, is interlocutory and not temporary. There being no statutory allowance for an appeal from an interlocutory order of this nature, the appeal should be dismissed for want of jurisdiction.

Appellant has filed two motions in this Court, one requesting that our Court stay the order of the lower court and another asking that we grant a motion exempting the appellants from filing an appeal bond. Appellee has filed a motion to dismiss the appeal and to enforce the trial court's order. Since this Court lacks jurisdiction over the case, the pending motions should also be dismissed.

Appellants' motion to stay order of trial court and motion to exempt appellants from filing an appeal bond and appellee's motion to dismiss appeal are dismissed. The appeal is DISMISSED FOR WANT OF JURISDICTION. Costs of the appeal are assessed against Frank Kelso.