Susanna Melissa
**BRELSFORD, Appellant**

v.

**OLD BRIDGE LAKE COMMUNITY SERVICE CORPORATION,**
Appellee.

**No. A14–88–1045–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 28, 1989.

H.P. Brelsford, Houston, for appellant.

Michael T. Gainer, Houston, for appellee.

Before J. CURTISS BROWN, C.J.,
and JUNELL and DRAUGHN, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

This is an appeal of the trial court's granting appellee Old Bridge Lake Community Service Corporation (appellee or Old Bridge Lake Community) an interlocutory judgment which included a permanent injunction against appellant Susanna Melissa Brelsford (appellant or Brelsford). For the reasons discussed below, we conclude that this court has no appellate jurisdiction and therefore cannot examine the propriety of the trial court's action.

Susanna Brelsford purchased a residence in the Old Bridge Lake Subdivision in 1979. The declaration of covenants, conditions, and restrictions for the subdivision require that "[n]o boat, boat trailer, travel trailer, or other similar property shall be allowed to remain on any lot." In 1987 Brelsford acquired a boat which she stored in her carport. Old Bridge Lake Community demanded that appellant remove her boat because its presence violated the subdivision restrictions. After Brelsford failed to take any action, appellee filed suit seeking a temporary and permanent injunction requiring the removal of the boat and attorney's fees. In October of 1987 the trial court granted appellee a temporary injunction. At the injunction hearing appellant volunteered to enclose her carport with a garage door and store the boat therein. Although Old Bridge Lake Community advised appellant at that time that it would consider the installation of a garage door a violation of another subdivision restriction, appellant later installed the door and painted the trim an "inappropriate" color. Appellee supplemented its petition requesting an additional injunction ordering appellant to remove the garage door and re-paint the trim. Subsequently, appellee filed a motion for summary judgment, and appellant filed a motion for a partial summary judgment. In November of 1988 the trial court judge denied appellant's motion and granted appellee's motion for summary judgment as to all issues except attorney's fees.

An appellate court may examine a trial court's judgment only if the higher court has jurisdiction. This court has no appellate jurisdiction to examine the points of a trial court's conclusions unless that judgment was final and disposed of all the issues and parties involved in the litigation. *Hinde v. Hinde*, 701 S.W.2d 637, 639 (Tex. 1985); *Cherokee Water Co. v. Ross*, 698 S.W.2d 363, 365 (Tex.1985); *Baker v. Hansen*, 679 S.W.2d 480, 481 (Tex.1984). It is undisputed that in the instant case the issue of attorney's fees remained unresolved. The trial court acknowledged the omission of the attorney's fees when it styled the November judgment an interlocutory judgment, granting only the requested injunction and not addressing the remaining issue. However, an interlocutory order may be appealable if such action is specifically permitted by statute. *Hayman v. Hayman*, 512 S.W.2d 71, 72 (Tex.Civ.App.—Tyler 1974, no writ) (citations omitted). Appellant asserts that TEX.CIV.PRAC. & REM.CODE ANN. § 51.014(4) (Vernon Supp.1989), which grants such an exception, applies to her cause and permits her appeal. We disagree.

The section of the civil practice and remedies code which Brelsford cites permits appeal when the trial court grants or refuses a temporary injunction. *Id.* Here the trial court titled the injunction permanent, not temporary. While it is true that courts may look to the substance of an order to determine whether it is temporary, *Kelso v. Thorne*, 710 S.W.2d 735, 736 (Tex.App.—Corpus Christi 1986, no writ); *Conway v. Irick*, 429 S.W.2d 648, 649 (Tex.Civ.App.—Fort Worth 1968, writ ref'd), the language of the trial court in the instant case does not suggest that the injunction was mislabeled. The judgment stated that Old Bridge Lake Community was *entitled* to a permanent injunction. There is no reason to believe that the court was arbitrary in its choice of terms.

Although interlocutory judgments are not binding on an issuing trial court, *Garrison v. Texas Commerce Bank*, 560 S.W.2d 451, 454 (Tex.Civ.App.—Houston [1st Dist.] 1977, writ ref'd n.r.e.) (citations omitted); *see also Reimer v. Scott*, 666 S.W.2d 384, 385 (Tex.App.—Houston [14th Dist.] 1984, writ dism'd); *York Div., Borg–*

*Warner Corp. v. Security Sav. and Loan Ass'n, Dickinson,* 485 S.W.2d 327, 332 (Tex.Civ.App.—Houston [1st Dist.] 1972, writ ref'd n.r.e.), the court's order in the instant case does not suggest that the restrictions on appellant were less than permanent, or that it intended to revise the injunction at a later date. The injunction as it stood was binding, and the court needed only to resolve the issue of attorney's fees for the judgment to be final. The Dallas Court of Appeals has stated that if injunctive relief granted by an interlocutory judgment does not depend on any further order of the court, then it is a permanent rather than a temporary injunction. *Aloe Vera of America, Inc. v. CIC Cosmetics Int'l,* 517 S.W.2d 433, 435 (Tex.Civ. App.—Dallas 1974, no writ) (citations omitted). We agree. Since the challenged injunction was not temporary, we conclude that TEX.CIV.PRAC. & REM.CODE ANN. § 51.014(4) does not apply. This court therefore has no jurisdiction to hear Brelsford's appeal.

If appellant wished to have this court examine the appropriateness of the injunction issued by the trial court before the issue of attorney's fees had been determined, she should have requested a severance of the lawsuit into two separate and independent causes. Once a severance is granted, a judgment which disposes of all parties and issues in one of the severed causes is final and may be appealed. *Van Dyke v. Boswell, O'Toole, Davis & Pickering,* 697 S.W.2d 381, 383 (Tex.1985); *Hall v. City of Austin,* 450 S.W.2d 836, 837–38 (Tex.1970).

Since this court has no appellate jurisdiction to review appellant's claims, we can grant appellant no relief. Appeal is dismissed for lack of jurisdiction.