

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00150-CV

———————————————

DRUE ALLEN HOLLIS, Appellant

V.

MHMR OF TARRANT COUNTY, Appellee

On Appeal from the 352nd District Court
Tarrant County, Texas
Trial Court No. 352-305306-19

Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Drue Allen Hollis, appearing pro se, appeals from a declaration that he is a vexatious litigant. In his sole issue, Hollis contends that the trial court provided insufficient time for discovery with regard to his no-evidence summary judgment motion. But the trial court did not grant a summary judgment, and it is therefore of no consequence whether the trial court allowed an adequate time for discovery. Instead, it granted a motion to declare Hollis a vexatious litigant, and the record shows that Hollis was provided with notice and ample time to respond before the trial court did so. We therefore affirm.

In January 2019, Hollis initially sued appellee MHMR of Tarrant County for wrongfully withholding his medical records. Over the next four months, Hollis filed seven more supplemental and amended petitions, each with its own distinctive claims and allegations, in which he elaborated on his predicament. He explained he had been unlawfully and involuntarily committed to inpatient psychiatric facilities multiple times between 2008 and 2016. According to Hollis, MHMR had made false representations and improper disclosure of his mental health records in an effort to obtain commitment orders, and upon his commitment, MHMR had illegally administered psychoactive medication to him. By the time of his live petition, Hollis had added ten defendants, which were apparently governmental entities and health care providers that were

involved in his commitments and treatment.[1]  He alleged that collectively, these defendants had violated several provisions of Texas statutes and the Constitutions of Texas and the United States.[2]  Hollis sought damages of over $1,000,000, including statutory, compensatory, and punitive damages, as well as injunctive relief.

On March 8, 2019, MHMR filed a "Combined Motion to Dismiss, Plea to the Jurisdiction, and to Declare Plaintiff a Vexatious Litigant."  MHMR stated that Hollis's suit was just the most recent of nine that Hollis had filed since 2015, all for alleged conduct arising from his temporary commitments.  This was the fourth lawsuit that

---

[1]The new defendants included Probate Court No. 1 of Tarrant County; Probate Court No. 2 of Tarrant County; Tarrant County Sheriff Bill E. Waybourn; Acclaim Physician Group, Inc.; Mesa Springs, LLC; Tarrant County Hospital District d/b/a JPS Health Network; University of North Texas Health Science Center at Fort Worth; ProPath Associates, PLLC; and Millwood Hospital, LP.

[2]In his live petition, Hollis alleged violations of section 571.020 of the Texas Mental Health Code, section 321.003 of the Texas Health and Safety Code, and unidentified portions of the Texas Occupations Code.  According to Hollis, the defendants had violated article I, sections 9, 19, and 28 of the Texas constitution.  Hollis next alleged that the defendants' actions infringed his First Amendment right to petition, his Fourth Amendment rights regarding warrants and unreasonable seizures, his Fifth Amendment rights regarding due process and compelled self-incrimination, his Eighth Amendment right regarding excessive fines, and unspecified rights under the Fourteenth Amendment.  He also sought vindication of his civil rights through an action under 42 U.S.C.A. §§ 1983, 1985, and 1988.

In prior petitions, Hollis also claimed that MHMR and the other defendants had committed infractions under various other constitutional and statutory provisions, such as the Texas Uniform Trade Secrets Act; the Double Jeopardy Clause of the Fifth Amendment; the Ninth Amendment generally; and article I, sections 13 and 14 of the Texas constitution.  He had apparently nonsuited these claims by the time of his live petition.

Hollis had filed against MHMR alone related to the same underlying events. MHMR contended that all of Hollis's previous lawsuits against MHMR had been dismissed; attached to MHMR's motion were various orders of dismissal reflecting either that the trial court granted MHMR's plea to the jurisdiction or that Hollis voluntarily dismissed his claims against MHMR, citing his own belief that the trial court lacked jurisdiction.

MHMR further explained that the trial court had recently declared Hollis to be a vexatious litigant in another factually related lawsuit. In that proceeding, Hollis sued many of the same ten governmental entities and health care providers, and those defendants moved to dismiss his claims under chapter 11 of the Texas Civil Practice and Remedies Code. MHMR attached the resulting order, which declared Hollis a vexatious litigant under chapter 11, required him to post a $7,000 security or else have his claims dismissed with prejudice, and prohibited him from filing any new pro se litigation without first obtaining the local administrative judge's permission. MHMR prayed for similar relief. In a previous appeal, we affirmed that order in part, and we dismissed Hollis's appeal for want of jurisdiction in all other respects. *Hollis v. Acclaim Physician Grp., Inc.*, No. 02-19-00062-CV, 2019 WL 3334617, at *1 (Tex. App.—Fort Worth July 25, 2019, no pet. h.) (mem. op.) (per curiam).

MHMR's motion was set for hearing on April 25, 2019. MHMR filed a certificate of service indicating that Hollis was electronically served with a notice of that hearing on April 2, 2019.

4

On April 8, 2019, Hollis purported to file a notice of removal. According to Hollis, he anticipated that a federal court would better protect his constitutional rights and address his frustrations at the denial of his motions for disqualification and recusal.[3]

On April 25, 2019, Hollis filed a no-evidence motion for summary judgment, arguing that there was no evidence of one or more essential elements of a defense on which MHMR would have the burden of proof. Hollis never specified what defense he was targeting. Rather, as the particulars of the motion made clear, his argument was that MHMR had no evidence to refute his own causes of action, which is not an

---

[3]On March 7, 2019, Hollis filed a motion to disqualify and recuse the trial court judge. As we understand his motion, Hollis explained that the judge's prior experience as an assistant United States attorney rendered his interests intertwined with the state entities that Hollis had sued. Hollis complained that the judge's decision-making and body language further demonstrated bias. However, Hollis's motion also touched on subjects as far afield as the judge's service in the United States Air Force, *Batson* challenges, "bounties" for the "wives and children of colored soldiers" between 1879 and 1902, the "psychological war" that was being waged against him, and cases dating back to 1833 dealing with the applicability of the Bill of Rights.

Hollis's motion to disqualify and recuse was denied on March 20, 2019.

The next day, on March 21, 2019, Hollis filed another motion to disqualify and recuse. He argued that it was improper for the judge to preside over the matter because Hollis had previously sent the judge three faxes concerning his commitments in 2015, when the judge was serving as an assistant United States attorney.

Hollis's second motion for recusal and disqualification was denied on April 17, 2019.

5

accepted approach for a no-evidence motion for summary judgment.[4]  *See* Tex. R. Civ. P. 166a(i).

Also on April 25, 2019, the trial court held a hearing on MHMR's motion.  After hearing argument, the trial court granted the motion, declared Hollis a vexatious litigant, required him to furnish security of $19,391.17 or else face dismissal of the suit with prejudice, and barred him from filing any further pro se litigation without written permission from a local administrative judge.

After the trial court rendered its order, Hollis filed a motion for continuance on May 6, 2019, asking the court to retroactively grant a continuance of the hearing that had already occurred on April 25, 2019.  Hollis asserted that he was not provided with adequate notice or an opportunity to respond to MHMR's motion.  He offered no proof that he was not served with notice, though.  Simultaneously, he explained that his failure to appear at the hearing was attributable to MHMR's wrongful conduct, in that MHMR had "misrepresented" his "character and morale" and left him with "a sense of

---

[4]Between the time that MHMR filed its vexatious-litigant motion and the trial court's ruling on that motion, Hollis also filed other unconventional documents with the trial court.  One was a traditional motion for summary judgment, which he explained also served as a "*Batson* challenge against Defendant's exercise of a peremptory challenge."  Hollis did not attach any evidence to this summary judgment motion.  Another was Hollis's filing of an affidavit indicating that he was indigent and requesting the appointment of an attorney ad litem to oversee his private, civil lawsuits.  A third was Hollis's general notice complaining that the district court clerk and the Tarrant County District Clerk were acting in furtherance of a conspiracy to deprive him of his civil rights.

fear." When his motion for retroactive continuance was unsuccessful, Hollis filed this appeal.[5]

As an initial matter, we consider our power to proceed. Hollis purported to file a notice of removal to federal court on April 8, 2019. A properly filed notice of removal will prohibit the state court from taking further action; "a state court has no power to proceed with a case which has been *properly* removed to federal court." *Resolution Tr. Corp. v. Murray*, 935 F.2d 89, 92–93 (5th Cir. 1991) (emphasis added); *see In re Sw. Bell Tel. Co., LP*, 235 S.W.3d 619, 624 (Tex. 2007) (orig. proceeding) (citing 28 U.S.C.A. § 1446(d)).

However, Hollis's attempted removal was not proper. First, Hollis was the plaintiff. The right to remove a state court case to federal court is generally limited to defendants only, *F.D.I.C. v. Loyd*, 955 F.2d 316, 326 n.10 (5th Cir. 1992) (citing *Am. Int'l Underwriters (Phil.), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1260 (9th Cir. 1988)), because section 1446 speaks only of allowing a "defendant or defendants" to effect a removal. *See* 28 U.S.C.A. § 1446(a). Hollis, as the plaintiff, had no right to remove his own suit.

Second, Hollis's purported notice did not bear the file stamp of a federal district court clerk, and a PACER search reveals that Hollis has not filed any papers in federal court. A defendant can remove a case from a state court to federal district court by

---

[5]Hollis's appeal was initially interlocutory, *see* Tex. Civ. Prac. & Rem. Code Ann. § 11.101, but the trial court has since rendered a final judgment of dismissal. *See* Tex. R. App. P. 27.1(a).

filing a notice of removal "in the district court of the United States for the district and division within which such action is pending." *Spencer v. Dallas Cent. Appraisal Dist.*, No. 05-15-01526-CV, 2016 WL 1298582, at *1 (Tex. App.—Dallas Apr. 4, 2016, no pet.) (mem. op.) (quoting 28 U.S.C.A. § 1446(a)). After filing a notice of removal with the federal district court, the party "shall file a copy of the notice with the clerk of such state court, which shall effect the removal." *Id.* (quoting 28 U.S.C.A § 1446(d)). Thus, in *Spencer*, where the appellant "failed to file with this Court a copy of a notice of removal bearing the file mark of the clerk of the federal district court," the court held the record did not show a removal to federal court. *Id.*; *see Restrepo v. All. Riggers & Constructors, Ltd.*, 538 S.W.3d 724, 748 (Tex. App.—El Paso 2017, no pet.) (concluding that because a notice of removal was not properly filed in federal court until after a vexatious-litigant order was rendered, the order was appropriate). Here, we reach the same conclusion as *Spencer*. Because Hollis's attempted removal was never properly filed in federal court, it was no removal at all, and it did not impede the trial court from rendering its vexatious-litigant order. *See Spencer*, 2016 WL 1298582, at *1. We are therefore free to proceed with this appeal.

In his sole issue, Hollis contends that the trial court erred by rendering its order because the trial court had allowed him inadequate time for discovery concerning his no-evidence motion for summary judgment. Hollis misreads rule 166a(i). The rule provides that there must be "adequate time for discovery" before the court may grant a *no-evidence motion*. *Lindsey Constr., Inc. v. AutoNation Fin. Servs., LLC*, 541 S.W.3d 355,

360 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (citing Tex. R. Civ. P. 166a(i)). The trial court did not grant a no-evidence motion, and therefore it is of no moment whether the trial court permitted an adequate time for discovery. We overrule his sole issue.

Hollis has not raised any other appellate issue concerning the trial court's vexatious-litigant order. Nonetheless, in the body of his brief, he raises several other arguments contesting the validity of the order. His arguments do not correspond to any appellate issue. A court of appeals may not reverse a trial court's judgment in the absence of properly assigned error. *Davis v. Mueller*, 528 S.W.3d 97, 103 n.38 (Tex. 2017).

Regardless, even assuming that Hollis's arguments corresponded with appellate issues, we are unable to grant the relief he seeks. First, he argues that 42 U.S.C.A. § 1988 preempts chapter 11 of the Texas Civil Practice and Remedies Code. This argument mirrors one that Hollis raised in his previous appeal from a vexatious-litigant order. *See Hollis*, 2019 WL 3334617, at *4. In that appeal, we held that because Hollis's preemption argument was not raised in the trial court, it was not preserved to the extent that it could have impacted choice of law. *Id.* To the extent that it could have impacted the trial court's jurisdiction, we rejected his preemption argument on its merits. *Id.* at *5. We noted that courts had rejected a similar argument concerning chapter 14 of the Texas Civil Practice and Remedies Code, which regulates pro se litigation by inmates. *Id.* We reasoned that federal courts are also empowered to impose restrictions on

9

vexatious litigants, and there was therefore no reason to suppose a conflict between federal and state law that might give rise to preemption. *See id.* For the same reasons, we must reject Hollis's preemption argument again here. *See id.*

Next, Hollis argues that he did not receive notice of the hearing on MHMR's motion. However, MHMR filed a certificate of service indicating that Hollis was electronically served with just such a notice on April 2, 2019. A notice's certificate of service is prima facie evidence that the notice has been served. *Lease Fin. Grp., LLC v. Childers*, 310 S.W.3d 120, 126 (Tex. App.—Fort Worth 2010, no pet.) (quoting Tex. R. Civ. P. 21a(e)). The opposing party may rebut this evidence with proof of nonreceipt. *Strobel v. Marlow*, 341 S.W.3d 470, 476 (Tex. App.—Dallas 2011, no pet.) (citing *Cliff v. Huggins*, 724 S.W.2d 778, 780 (Tex. 1987)). Hollis presented no evidence to rebut the certificate; he offered only the unproved assertion that he did not receive the notice. Moreover, his motion for continuance seemed to indicate that his failure to appear was due as much to demoralization and fear as it was to lack of notice. This does not suffice to rebut the certificate of service.

Next, for the first time in his reply brief, Hollis contends that MHMR "has chosen to defraud the State of Texas" by making misrepresentations to the trial court. As his sole support, he has attached to his brief an exhibit containing images of his filing history in the trial court, upon which Hollis has apparently made handwritten notations. According to Hollis, the fraud inheres in the fact that one page of the filing history shows that a document was filed at a certain time on April 2, 2019, and another

10

page of the filing history instead shows that it was filed a minute later than that. These documents do not appear in the record. We cannot consider documents attached to an appellate brief that are not in the record. *Horie v. Law Offices of Art Dula*, 560 S.W.3d 425, 440 (Tex. App.—Houston [14th Dist.] 2018, no pet.); *see Baish v. Allen*, No. 02-17-00146-CV, 2019 WL 1284900, at *2 (Tex. App.—Fort Worth Mar. 21, 2019, no pet.) (mem. op.). Additionally, Hollis could have made such an argument in his opening brief. Because he did not do so until his reply brief, he has waived this argument. *City of Fort Worth v. Rylie*, 563 S.W.3d 346, 365 (Tex. App.—Fort Worth 2018, no pet.); *Pineridge Assocs., LP v. Ridgepine, LLC*, 337 S.W.3d 461, 472 n.10 (Tex. App.—Fort Worth 2011, no pet.).

Finally, and also for the first time in his reply brief, Hollis argues that he is "desperate" and that MHMR "mentally and emotionally tortures human beings." While we empathize with Hollis and recognize that his legal circumstances may be emotionally difficult, this is not a legal argument of the sort that this court can consider. *See City of Houston v. Jackson*, 42 S.W.3d 316, 322 n.9 (Tex. App.—Houston [14th Dist.] 2001, pet. dism'd w.o.j.). We hold this complaint inadequately briefed. *See* Tex. R. App. P. 38.1(i).

11

Having overruled Hollis's sole issue—and having found his other arguments unavailing—we affirm the trial court's order.[6]

Per Curiam

Delivered:  August 29, 2019

---

[6]MHMR has filed a motion to dismiss the appeal.  In it, MHMR argued that this appeal is moot because the trial court subsequently granted a final dismissal of all of Hollis's claims.  As support, MHMR relied on cases which hold that an interlocutory appeal of a temporary injunction is rendered moot by a final judgment in the same case. *Isuani v. Manske-Sheffield Radiology Grp., PA*, 802 S.W.2d 235, 236 (Tex. 1991) (per curiam).  We find these cases distinguishable.  An interlocutory appeal of a temporary injunction order becomes moot because once the trial court renders a final judgment, the temporary injunction expires.  *See id.* (citing, *inter alia*, *Conway v. Irick*, 429 S.W.2d 648, 650 (Tex. App.—Fort Worth 1968, writ ref'd)); *League v. Am. Home Mortg. Servicing Inc.*, No. 02-12-00317-CV, 2013 WL 4679932, at *6 (Tex. App.—Fort Worth Aug. 29, 2013, no pet.) (mem. op.).  By contrast, a vexatious-litigant order does not lose its force in the same way.  *See Leonard v. Abbott*, 171 S.W.3d 451, 460 n.7 (Tex. App.—Austin 2005, pet. denied) (concluding that an appeal of a vexatious-litigant order was not moot because the prefiling requirement would continue to "affect" the subject of the order "in the future").

Rather, when the trial court granted a final dismissal of all Hollis's claims, the interlocutory vexatious-litigant order merged into the final judgment, leaving the vexatious-litigant order no less appealable than before.  *Douglas v. Am. Title Co.*, 196 S.W.3d 876, 879 n.6 (Tex. App.—Houston [1st Dist.] 2006, no pet.).  Thus, the *Douglas* court rejected the very argument that MHMR raises here and instead concluded that the appeal could be maintained, even though the appellant had appealed the vexatious-litigant order rather than the final judgment of dismissal.  *Id.*  For similar reasons, we deny MHMR's motion.

12