**Opinion filed May 23, 2024**



## In The

# Eleventh Court of Appeals

_____

## No. 11-22-00306-CV

_____

### AEP TEXAS INC., Appellant

### V.

### WILKS RANCH TEXAS, LTD.; DANIEL H. WILKS; STACI WILKS; AND FARJO RANCH, LLC, Appellees

**On Appeal from the 91st District Court**
**Eastland County, Texas**
**Trial Court Cause No. CV-2246425**

### M E M O R A N D U M   O P I N I O N

This interlocutory appeal arises from the trial court's order granting Appellees' request for a temporary injunction. On May 9, 2024, the trial court signed a final judgment in the cause below that disposed of all parties and all claims asserted by and between them. On May 15, Appellant filed an unopposed motion to vacate the temporary injunction and to dismiss this interlocutory appeal. In the motion,

Appellant states that, as a result of the trial court's final judgment, "there is no longer a justiciable controversy concerning the propriety of injunctive relief in this case, and that issue is moot." We agree.

If the trial court renders and signs a final judgment in the case while an appeal of its temporary injunction order is pending, the case on appeal becomes moot. *Isuani v. Manske-Sheffield Radiology Grp., P.A.*, 802 S.W.2d 235, 236 (Tex. 1991) (citing *Conway v. Irick*, 429 S.W.2d 648, 650 (Tex. App.—Fort Worth 1968, writ ref'd)). "When a case becomes moot on appeal, all previous orders pertaining to the temporary injunction are set aside by the appellate court and the case is dismissed." *Id.* (citing *Texas Foundries, Inc. v. Int'l Moulders & Foundry Workers' Union*, 248 S.W.2d 460, 461 (Tex. 1952)). Here, the trial court's final judgment in the underlying cause renders this interlocutory appeal from its order granting Appellees' temporary injunction moot. *Id.*

Accordingly, we grant Appellant's motion, vacate the trial court's order granting the temporary injunction, and dismiss this appeal. *See* TEX. R. APP. P. 43.2(e); *Isuani*, 802 S.W.2d at 236.


W. STACY TROTTER
JUSTICE


May 23, 2024

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

2